IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT L. CLARENSON,

Plaintiff,

vs.                                    Case No. 14-3132-JTM

GARY MCINTOSH, P.A., *et al.*,

Defendants.

MEMORANDUM AND ORDER

Plaintiff Robert Clarenson, a prisoner of the State of Kansas, has brought the present pro se action under 42 U.S.C. § 1983, alleging "Medical Negligence" and "Insufficient medical care" (Dkt. 1, at 2, 3) while he was in the custody of the Montgomery County Jail. Defendant health care workers Gary McIntosh and Jana Sells have moved to dismiss the action.

Clarenson's Complaint alleges that he was arrested after a May 4, 2014 altertication with a baseball bat in which his arm was broken. He states that his arm was initially treated and placed in a cast by Dr. Mekki Saba at Mercy Hospital in Independence, before he was sent to the Montgomery County Jail. Clarenson alleges that he told Nurse Sells that his arm was painful. (*Id*. at 7).

He alleges that on May 24, 2014 his arm was rebroken while on a work detail. He

alleges that, because of the holiday weekend, "no medical staff were present" at the jail, but eventually "a Mr. Mackintosh was reached by phone," who told the jailers to move Clarenson to a separate cell. The jailers told Clarenson that a doctor "would see me after the holidays," but in fact he was not treated until later visits to Mercy Hospital on June 11 and July 1, 2014.

Defendants McIntosh and Sells have moved to dismiss the action alleging that the Complaint lacks specific factual allegations under *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In addition, they argue that the Complaint fails to state a claim under § 1983 because Clarenson does not allege deliberate indifference, but at most simple negligence. They argue that the Complaint fails to show that the supposed mistreatment resulted in any serious condition. Finally, they argue that the Complaint fails to allege that the defendants are state actors for purposes of § 1983.

In the wake of the motion to dismiss, Clarenson filed two pleadings.[1] The first, a letter to the court, merely states that medical records show that "they were very aware of my condition." (Dkt. 18, at 1). The second pleading is essentially a response to the defendants' Answer rather than the motion to dismiss. Clarenson generally argues that the medical records attached to his Complaint "prove[]that no follow up was done by either

---

[1] Clarenson has also filed a motion for appointment of counsel. An earlier motion seeking the same relief was denied by the United States Magistrate Judge. (Dkt. 6). There is no constitutional right to the appointment of counsel in civil actions seeking damages. *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1983). The court declines to appoint counsel given the straightforward nature of the issues involved, the demonstrated ability of the plaintiff to articulate his arguments, and complete absence of any indication that the plaintiff has attempted, and failed, to retain private counsel.

Dr. McIntosh or Nurse Sells."

The court has reviewed the records, all from Mercy Hospital, and finds that the action against McIntosh and Sells should be dismissed.

Those records indicate that Clarenson was treated in the ER on May 4, 2014 by Dr. Aaron Watters, an X-ray showing "a mildly displaced fracture of the midshaft of the ulna." Dr. Watters indicated that Clarenson told him his pain was "at a severity of 6/10" and that "[t]he pain is mild." Dr. El Saba recorded in his notes that Clarenson was "under the influence of drink" and "combative." He was not given anesthesia when the cast was placed because of the drinking. Dr. El Saba wrote that Clarenson "was in slight pain," and told to take ibuprofen for the pain.

He was again examined at the hospital on May 14 by Dr. El Saba, who again recommended ibuprofen. An X-ray examined by Dr. James Bergh indicated a "[h]ealing" and "[u]nchanged left forearm fracture," with "[n]o evidence of new fracture or dislocation."

Nothing in the Complaint or medical records indicate the exact status of McIntosh or Sells, shows that they were actively aware of an immediate medical necessity, or that they were responsible for any delay in treatment or significant injury to the plaintiff. In the form Complaint itself, in response to the inquiry, "was this defendant acting under color of state law?," Clarenson affirmatively responded, as to both McIntosh and Sells, "No." As noted earlier, the narrative portion of the complaint charges McIntosh with "Medical Negligence." (Dkt. 1, at 2). In his response to the defendants' Answer, Clarenson simply

3

complains he did not receive additional care and asks, "how does that happen if no medical negligence is taking place?"(Dkt. 21, at 2).

Dismissal is appropriate because the plaintiff does not allege any deliberate indifference to medical necessity. Simple negligence is insufficient. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Moreover, the defendant never alleges that the defendants were acting under color of state law, an essential element of an action under § 1983. *See American Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 50 (1999).

IT IS ACCORDINGLY ORDERED this 2nd day of June, 2016, that the defendants' Motion to Dismiss (Dkt. 16) is granted; plaintiff's Motion for Appointment (Dkt. 23) is denied.

      s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE